BURNS, County Judge, Plaintiff, v. THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT, et al., Defendants.

(186 N. W. 955.)

(File No. 5066.   Opinion filed March 1, 1922.)

**Officers—Elections—Recall of Party Elected Judge Through Primary Law, Latter Not Applicable—Removal of Judge By Governor, Writ of Prohibition Against Action For Statutory Removal, Properly Denied—Statutes, Constitution—Recall As Cumulative Remedy.**

Secs. 7176-7183, Code 1919, provide for recall of officers elected through party election.   Sec. 7097, concerning primary elections, provides that in case of conflict between provisions of that chapter and other Code provisions, effect shall be given to former.   A suit having been begun by Attorney-General, and

State's Attorney of Deuel County, by Governor's direction, under Secs. 7009-7016, seeking removal of plaintiff, County Judge elected through party election, plaintiff seeks by writ of prohibition to restrain the Circuit Court, the Judge thereof, and said prosecuting officers from proceedings in said action. **Held,** that said recall provisions of the primary election law deal only with removal by party machinery, and are open only to electors of political party through which the election or appointment came, and not to electors of other political parties; that recall procedure does not cover entire field of matter of removal from office, so is only cumulative to, and not inconsistent with general statutes re removal; and writ is denied.

Original proceeding by L. A. Burns, County Judge of Deuel County, South Dakota, against The Circuit Court of the Third Judicial Circuit, and Hon. W. W. Skinner, Judge thereof, State of South Dakota ex rel. Byron S. Payne, as Attorney General of the State of South Dakota and Wiley W. Knight, as State's Attorney of Deuel County, for a writ of prohibition to restrain said Circuit Court, said Judge thereof, the Attorney General and said State's Attorney, from proceeding in a pending action in said Circuit Court, brought by direction of the Governor of South Dakota, seeking the removal of the present plaintiff from said office of County Judge. Writ denied.

*Law, Dobie & Law,* and *Hall & Purdy,* for Plaintiff.

*Byron S. Payne,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Defendants.

Plaintiff cited: Note to State v. Harris, Ann. Cas. 1916 A, 1116; 22 R. C. L. 579; 2 Lewis' Sutherland Stat. Con., Sec. 572.

Defendant cited: 25 R. C. L. 912; In Re Kirby, 10 S. D. 332, 73 N. W. 92, 39 L. R. A. 856.

GATES, P. J.   Plaintiff is the county judge of Deuel county. An action was begun in the circuit court of the Third judicial circuit within and for said county by the Attorney General and the state's attorney of Deuel county by direction of the Governor of South Dakota, seeking the removal of this plaintiff from office under the provisions of sections 7009-7016, Rev. Code 1919, and upon grounds specified in article 16, § 4, of the Constitution.

The primary election law of this state contains provisions for the recall of officers elected through party election, viz. sections 7176-7183, Rev. Code 1919. This plaintiff obtained his said office through party election.

Section 7097, Rev. Code 1919, being the first section of the chapter dealing with Primary Elections, says:

"And in case of any conflict between the provisions of this chapter and other provisions of this Code, effect shall be given to the former."

Claiming that the recall provisions of the primary election law have superseded sections 7009-7016, Rev. Code 1919, as to officers elected through party election, the plaintiff has applied to this court for a writ of prohibition to restrain the circuit court of the third judicial circuit, the judge thereof, the Attorney General, and the state's attorney of Deuel county from proceeding in the action brought against him in the circuit court.

Several legal propositions are advanced by the defendants herein tending to sustain their right and duty to proceed with their action in the circuit court, but we are of the opinion that one of them is decisive of the question before us, and therefore the others need not be considered.

The recall provisions of the primary election law deal only with the matter of removal by party machinery. Such procedure is open only to electors of the political party through which the election or appointment came, and is not open to electors of other political parties. The recall procedure does not purport to cover the entire field of the matter of removal from office, and is therefore only cumulative to, and not inconsistent nor in conflict with, the general statutes upon removal.

For this reason the writ of prohibition will be denied.